■ ERNEST KLEIN, Appellant, v WEINGARTEN & Co. et al., Respondents. ERNEST KLEIN, Appellant, v BONNIE W. LASS, as Administratrix of the Estate of HERMAN LASS, Deceased, et al., Respondents.—In an action *inter alia* to recover damages for fraud, plaintiff appeals from three orders of the Supreme Court, Kings County, as follows: (1) as limited by his brief, so much of an order dated May 13, 1974, as dismissed the complaint against defendants Weingarten & Co. and Mabon, Nugent & Co.; (2) an order dated November 10, 1975, which struck the action as against defendant Sonn from the calendar; and (3) an order dated March 3, 1976, which dismissed the action as against defendants Lass and Sonn for failure to prosecute. Order dated May 13, 1974 affirmed insofar as appealed from, and orders dated November 10, 1975 and March 3, 1976 affirmed, with one bill of $50 costs and disbursements jointly to respondents. Upon the facts presented herein, Special Term properly dismissed the action (1) as against defendants Weingarten & Co. and Mabon, Nugent & Co., based upon the prior State action and (2) as against the remaining defendants, for failure to prosecute. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

■ ELI LEWIS et al., Respondents-Appellants, v DONALD D. GOLDBERG, Appellant-Respondent.—In an action to recover moneys under an agreement, the parties cross-appeal from an order of the Supreme Court, Queens County, dated February 23, 1976, which (1) denied defendant's motion to dismiss the complaint for failure to state a cause of action, (2) failed to grant defendant summary judgment and (3) denied plaintiffs' cross motion for summary judgment. Order affirmed, with $50 costs and disbursements to plaintiffs. The complaint sets forth a legally sufficient cause of action for repayment by defendant, pursuant to the parties' agreement, of charges paid him by plaintiffs for rehabilitative services furnished to their Medicare patients, which charges were subsequently disallowed by the fiscal intermediary upon final audit (thus, plaintiffs would not be reimbursed by the government). However, the existence of triable issues of fact, raised by the pleadings and affidavits at Special Term, precludes the grant of summary judgment to either party. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.